## Case No. 3,017.

### COLLINS et al. v. PEEBLES.

### [2 Fish. Pat. Cas. 541.] [1]

Circuit Court, S. D. Ohio. May, 1865.

LIMITATION OF ACTION FOR INFRINGEMENT OF
PATENT—STATE LEGISLATION.

1. State statutes can not limit the time within which actions for the infringement of letters patent may be brought in the courts of the United States.

2. Congress having failed to legislate upon the subject, there is no limitation as to the time

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

within which suit may be brought to recover damages for the infringement of letters patent.

[Cited in Rich v. Ricketts, Case No. 11,762; Anthony v. Carroll, Id. 487; May v. County of Logan, 30 Fed. 257.]

At law. This was an action on the case for the infringement of letters patent . [No. 1,396, granted to J. A. Roth, October 31, 1839] for an "improvement in the construction of furnaces extended for seven years from October 31, 1853, for a new and useful improvement in the construction of furnaces for smelting iron ore." The patent expired October 31, 1860, and suit was brought against the defendant November 12, 1864, to recover damages for the unlawful use of the improvement during the lifetime of the patent. The declaration was in the usual form.

The defendant [John G. Peebles] filed the following pleas: First. The general issue. Second. That the several supposed causes of action did not accrue at any time within four years next before the commencement of the suits, etc. Third. That the several supposed causes of action did not accrue at any time within six years next before the commencement of the suit, etc.

The plaintiffs [William Collins, Alfred M. Collins, and Isaac Collins, Jr.] demurred to the second and third pleas, and the cause came on to be heard upon the demurrer.

The provisions of the Ohio statute for the limitation of actions, under which these pleas were framed, were as follows (Code Civ. Proc. c. 3, §§ 12, 14, and 15): "Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action shall have accrued: Within six years: An action upon a liability created by statute, other than a forfeiture or penalty. Within four years: An action for an injury to the rights of the plaintiff, not arising on contract and not hereinafter enumerated." The plaintiffs' counsel argued that the state statutes of limitation did not apply to actions brought in the courts of the United States for the infringement of letters patent, and cited Act Cong. February 3, 1831, § 13 [4 Stat. 439]; Parker v. Hallock [Case No. 10,735]; Grier, J., Law Dig. p. 108, § 13 et seq.

The defendant's counsel argued that actions upon the case for the infringement of letters patent were subject to the statute of limitations enacted by the several states for the limitation of such actions, or those of analogous character, and cited McCluney v. Silliman, 3 Pet. [28 U. S.] 270; Parker v. Hawk [Case No. 10,737].

S. S. Fisher, for plaintiffs.
Collins & Herron, for defendant.

SWAYNE, Circuit Justice. Held: That the state statutes could not limit the time within which actions for the infringement of letters patent might be brought in the courts of the United States; that, congress having failed to legislate upon this subject, there was no limit to the time for bringing such actions, and that the demurrer must be sustained.

Judgment accordingly.

NOTE [from original report]. Judge Swayne delivered an oral opinion, and discussed the question submitted, and the cases quoted by counsel, at considerable length, but the words of the learned judge have, unfortunately, not been preserved. The above report has, however, been submitted to him, and has received his approval. The case of Parker v. Hallock [Case No. 10,735], quoted above, is reported only in the following paragraph from the Pittsburg Gazette, of May 22, 1857. The reporter, having been of counsel in the case, vouches for the substantial accuracy of the report:

"Zebulon Parker v. S. B. Hallock. Action for infringement of a patent right. In this case the defendant's counsel insisted that the plaintiff was barred by the statute of limitations: but Judge Grier held that, as no act of congress had been passed to meet the case, and the law of Pennsylvania did not apply to it, there was no statute limiting the time in which a suit might be brought for an infringement of a patent right. The jury found for the plaintiff, assessing his damages at $68. Fisher and Sweitzer for plaintiff. Selden for defendant."